

**EPSTEIN BECKER GREEN**

Attorneys at Law

David W. Garland
t 212.351.4708
f 212.878.8600
DGarland@ebglaw.com

July 17, 2026

**VIA ECF**

Honorable J. Paul Oetken
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2101
New York, NY 10007

> Re:  ***Marsh USA LLC v. Alliant Insurance Services, Inc.,***
> ***Glenn Pelletiere, and Colin Horgan***
> **Civil Action No. 25-cv-05470 (JPO)**
> **<u>Letter-Motion to Compel Production and to Extend Fact Discovery Period</u>**

Dear Judge Oetken:

In accordance with Rule 3(D) of Your Honor's Individual Rules and Practices in Civil Cases, on behalf of Plaintiff Marsh USA LLC ("Marsh"), we submit this letter-motion requesting that the Court compel Defendant Alliant Insurance Services, Inc. ("Alliant") to produce records from Alliant's building / office security card swipe system demonstrating whether Defendant Glenn Pelletiere and his Alliant colleague Thomas Rhatigan were present in Alliant's office at 32 Old Slip, New York, New York on March 20, 2025, and to extend the fact discovery period for the limited purpose of allowing for such production.

This matter is an employment dispute regarding, *inter alia*, the post-employment client non-solicitation and non-servicing restrictions imposed upon Defendants Glenn Pelletiere ("Pelletiere") and Colin Horgan ("Horgan") in their employment agreements with Marsh. Pelletiere and Horgan resigned from Marsh on January 24, 2025 and became employees of Alliant shortly thereafter. While at Marsh, Pelletiere was the primary relationship broker for one of Marsh's surety business clients, Dollar General. Pelletiere had a close working relationship and friendship with Dollar General's Senior Director of Risk Management, Adam Zager. A key issue in this action is whether Pelletiere breached his contract (and Alliant tortiously interfered with it) by soliciting Dollar General's surety business to Alliant.

Less than three months after Pelletiere joined Alliant, Dollar General transferred its surety business from Marsh to Alliant. Defendants claim, however, that Dollar General was solicited over

Honorable J. Paul Oetken
July 17, 2026
Page 2

to Alliant by another Alliant employee, Thomas Rhatigan, without Pelletiere's involvement. Documents and testimony in this matter, however, cast doubt on that claim.

On March 20, 2025, Pelletiere sent a text message to his daughter indicating "**Just had a great call with dollar general! Think we have it. But don't want to jinx myself.**" A reasonable reading of that text is that Pelletiere solicited Dollar General.

During Pelletiere's deposition taken on July 7, 2026, however, Pelletiere testified that he did not actually have a call with Mr. Zager, but that his colleague Mr. Rhatigan was having a Zoom teleconference with Mr. Zager on March 20, 2025 at Alliant's offices. Pelletiere testified that he did not know that Mr. Rhatigan was on a call with Mr. Zager, and that Pelletiere knocked on Mr. Rhatigan's door, who at first told him that he was busy, sending Pelletiere away. Later, according to Pelletiere, while the teleconference between Rhatigan and Zager continued, he walked by and Mr. Rhatigan waved him in to say hi to Mr. Zager on the teleconference. Pelletiere testified that his conversation with Mr. Zager at that time took maybe 15 or 20 seconds and consisted of wishing that Mr. Zager and his child are doing well. On July 17, 2026, Thomas Rhatigan gave similar testimony during his deposition. Pelletiere testified that other than on March 20, 2025, he has not communicated with Mr. Zager since he joined Alliant. Less than a month later, Dollar General transferred its business to Alliant.

In a letter dated July 10, 2026 (three days after Pelletiere's deposition), to test Pelletiere's story about the conversation with Mr. Zager, Plaintiff requested production of (among other items):

- Records from Alliant's building / office security card swipe system demonstrating whether Pelletiere and Thomas Rhatigan were in Alliant's office at 32 Old Slip, New York, New York on March 20, 2025. (Previously demanded by Request Nos. 24 and 30 of Plaintiff's First Set of Requests for Production of Documents to Defendant Alliant).

A copy of the July 10, 2026 letter is attached as Exhibit A.

In a letter dated July 15, 2026, Defendants refused to produce such records, stating:

With respect to bullet point No. 3 in your letter, Plaintiff's Requests No. 24 and 30 did not make such a demand. Moreover, it is not contested that Mr. Pelletiere and Mr. Rhatigan were in Alliant's office at 32 Old Slip, New York, New York office on March 20, 2025. Therefore, your request for building/office security card swipe information for that date is unwarranted.

A copy of the July 15, 2026 letter is attached as Exhibit B.

On July 16, 2026, Plaintiffs' counsel sent an email to Defendants' counsel stating:

Defendants' refusal to produce records from Alliant's building / office security swipe system from March 20, 2025 is insupportable. Defendants' reason provided that "it is not contested that Mr. Pelletiere and Mr. Rhatigan were in Alliant's office" on that day

Honorable J. Paul Oetken
July 17, 2026
Page 3

> has no validity. Plaintiff is entitled to test Mr. Pelletiere's deposition testimony from last week on this topic through documentary evidence.

> Plaintiff demands the immediate production of the requested documents. Defendants' failure to do so will necessitate an application to the Court for relief.

A copy of the July 16, 2026 email is attached as Exhibit C.

Counsel for Plaintiff and Defendants conferred further on this dispute in person on July 17, 2026, but were unable to resolve it.

Defendants assert in their July 15 letter refusing to produce the records that "it is not contested that Mr. Pelletiere and Mr. Rhatigan were in Alliant's office at 32 Old Slip, New York, New York office on March 20, 2025." That is absolutely wrong. It was not until Pelletiere's deposition on July 7, 2026, that Plaintiff first heard Pelletiere's story regarding Pelletiere's allegedly brief conversation with Mr. Zager of Dollar General in Mr. Rhatigan's office on March 20, 2025. Plaintiff timely requested the building / office security card swipe records to test Pelletiere's story following that deposition, and is bringing this issue to the Court's attention expeditiously following Alliant's baseless refusal to produce.

Further, contrary to Defendants' objection in their July 15 letter, such records do indeed fall under Request Nos. 24 and 30 of Plaintiff's First Set of Requests for Production of Documents to Defendant Alliant. A copy of the relevant portions of Alliant's November 13, 2025 Responses and Objections to those Requests is attached as Exhibit D.

Request 24 asks for "All documents and communications concerning any Restricted Client, including but not limited to: (a) any information obtained from Marsh regarding any Restricted Client; (b) any documents or communications concerning any solicitation or pitch to any Restricted Client by Alliant (including but not limited to documents or communications concerning any of the Individual Defendants' involvement in any such solicitation or pitch), any Restricted Client's engagement of Alliant (including but not limited to any Broker of Record letters), Alliant's work on behalf of any Restricted Client (including but not limited to documents and communications concerning the identity of all Alliant employees servicing any such Restricted Client), and any payments or revenue Alliant has received with respect to any such Restricted Client; and (c) any communications or exchanges between any Individual Defendant, Diaz, and/or Manning, on the one hand, and any Restricted Client, on the other." (Portions relevant to this dispute are underlined and Dollar General was a "Restricted Client").

Request 30 asks for "All documents and communications concerning Alliant's solicitation and servicing of Dollar General at Alliant, including but not limited to all documents and communications between any of the Individual Defendants, Diaz, Manning, and/or Rhatigan, on the one hand, and Dollar General, on the other, including but not limited to any pitches, presentations, proposals, or Broker of Record letters (whether executed or unexecuted). (Portions relevant to this dispute are underlined).

Honorable J. Paul Oetken
July 17, 2026
Page 4


      Accordingly, Plaintiff respectfully asks the Court to direct Alliant to make the requested production and, correspondingly, to extend the fact discovery period for a limited period and for the limited purpose of allowing Alliant to produce the requested records.

      We thank the Court for its attention to this matter and consideration of this letter-motion.

Respectfully submitted,

By:    */s/ David W. Garland*
       David W. Garland, Esq.
       David J. Clark. Esq.
       EPSTEIN BECKER & GREEN, P.C.
       875 Third Avenue
       New York, New York 10022
       (212) 351-4500
       *Attorneys for Plaintiff*
       *Marsh USA LLC*

cc: All Counsel of Record via ECF